IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JIBREEL LEWIS** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 23-3973** |
| | : | |
| **THOMAS S. MCGINLEY, THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA, THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA** | : : : : : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                          **January 16, 2024**

Congress requires a person seeking federal habeas relief from a state court conviction to bring his claim within 365 days of the date the state court conviction became final. We today review an incarcerated man's habeas petition filed 401 days after the last day he could timely petition for habeas relief. We afforded the incarcerated man extensions to explain how Congress's limitations period does not bar his petition. He cannot do so. We deny and dismiss his habeas petition as untimely and with no grounds to equitably toll the limitations period. We find no basis for an evidentiary hearing. We deny a certificate of appealability.

**I.    Background**

Jibreel Lewis petitioned for habeas relief from a life sentence after a Philadelphia County jury found him guilty on July 8, 2015 of murder, aggravated assault, and firearm offenses.[1] Mr. Lewis appealed from his conviction on December 4, 2015.[2] Mr. Lewis asserted trial error by the Honorable Sandy L.V. Byrd for failing to suppress statements he made during his interrogation and for barring a defense expert from testifying to his diminished capacity.

The Pennsylvania Superior Court affirmed his conviction on December 8, 2017, concluding Judge Byrd comprehensively considered and properly disposed of Mr. Lewis's

arguments concerning the alleged trial errors.[3] The Pennsylvania Supreme Court denied Mr. Lewis's petition for allowance of appeal on June 5, 2018.[4]

### *Mr. Lewis files his first federal habeas petition before filing a petition for collateral relief in state court.*

Mr. Lewis did not file a petition for collateral relief under Pennsylvania's Post Conviction Relief Act.[5] He instead pro se petitioned for habeas relief in federal court on July 15, 2018.[6] Mr. Lewis raised four grounds for habeas relief: (1) the trial court lacked subject matter jurisdiction; (2) "[f]ake prosecution by bad faith and fraud through court corruption [and] corrupt titled persons of the court [sic]"; (3) "[t]he nullity of Commonwealth's petition requesting extension to file brief to Superior Court for appellee in an untimely manner after missing the deadline, this court did not have subject matter jurisdiction [sic]"; and (4) "[l]ack of statutory authorization for the illegal imposition of a sentence of life imprisonment of [first] or [second] degree murder [sic]."[7]

Judge Reuter thoroughly reviewed the record leading him to recommend Judge Tucker deny his habeas petition for failure to exhaust his state court remedies under Pennsylvania's Post Conviction Relief Act.[8] Judge Rueter recommended Judge Tucker dismiss the habeas petition without prejudice rather than staying the petition pending exhaustion of state court remedies given the ample time Mr. Lewis had to exhaust his claims in state court.[9]

Judge Tucker adopted Judge Rueter's recommendation and dismissed Mr. Lewis's habeas petition without prejudice to exhaust his state court remedies on March 5, 2019.[10]

### *Mr. Lewis then filed his first Post Conviction Relief Act petition in state court.*

Mr. Lewis pro se petitioned for relief under Pennsylvania's Post-Conviction Relief Act one week later.[11] Judge Byrd appointed Post Conviction Relief Act counsel Attorney Dennis Turner who filed a "no-merit letter" and moved to withdraw as counsel under *Turner* and *Finley*.[12]

2

Mr. Lewis raised four issues in seeking post conviction relief: (1) the trial court lacked subject matter jurisdiction to charge and try him "because the laws underlying the charges are null and void because they were improperly enacted into law"; (2) "[t]rial counsel provided ineffective assistance of counsel by waiving [Mr. Lewis's] formal arraignment because it rendered [Mr. Lewis] as having not been charged at all"; (3) "[Mr. Lewis] is entitled to PCRA relief because [his trial counsel], Seth Williams, Esquire, former District Attorney of Philadelphia County, and Kathleen Kane, Esquire, former Pennsylvania Attorney General, each were under investigation and then charged, and convicted of various crimes during the pendency of [Mr. Lewis's] case"; and (4) "[t]he entire PCRA process, from the standard pre-printed PCRA form to the appointment of counsel who then files a no-merit letter is predicated on fraud."[13]

Pennsylvania Judge the Honorable Tracy Brandeis-Roman issued a notice of intent to dismiss the Post Conviction Relief Act petition without a hearing.[14] Mr. Lewis did not respond to the notice. Judge Brandeis-Roman dismissed Mr. Lewis's Post Conviction Relief Act petition as meritless on November 19, 2020 and granted Attorney Turner's motion to withdraw.[15]

Mr. Lewis appealed the dismissal of his Post Conviction Relief Act petition to the Pennsylvania Superior Court. The Superior Court on February 4, 2022 affirmed Judge Brandeis-Roman's dismissal of Mr. Lewis's Post Conviction Relief Act petition and granted counsel's petition to withdraw.[16] The Superior Court concluded Mr. Lewis's claim the trial court lacked jurisdiction is without merit, Mr. Lewis failed to establish prejudice in connection with his ineffective assistance of trial counsel claim, Mr. Lewis's claim seeking relief on an allegation of a federal investigation into his trial counsel, District Attorney Williams, and Attorney General Kane during the time of his prosecution is overbroad, undeveloped, and waived, and Mr. Lewis failed to develop his fourth claim alleging fraud in the Post Conviction Relief Act process.[17]

Mr. Lewis did not appeal the Pennsylvania Superior Court's decision on his Post Conviction Relief Act petition to the Pennsylvania Supreme Court.

### *Mr. Lewis filed a second Post Conviction Relief Act petition in state court.*

Mr. Lewis then filed a second Post Conviction Relief Act petition on December 28, 2021, during the appeal of his first Post Conviction Relief Act petition.[18] Mr. Lewis supplemented his second petition on March 17, 2022.[19]

Pennsylvania Judge the Honorable Scott DiClaudio notified Mr. Lewis of his intent to dismiss the second Post Conviction Relief Act petition on September 27, 2023.[20] Mr. Lewis responded by filing a "Motion for Nunc Pro Tunc Allowance for Habeas Corpus Review by the Court – Response to Court['s] Notice of Intent to Dismiss Due to Time Limitations," seeking state habeas relief.[21] Judge DiClaudio denied Mr. Lewis's second Post Conviction Relief Act petition as untimely under Pennsylvania statute.[22] Judge DiClaudio explained Mr. Lewis's second petition is untimely and did not plead or prove an exception to the Act's time bar.[23]

Mr. Lewis did not appeal Judge DiClaudio's October 17, 2023 decision dismissing his second Post Conviction Relief Act petition.

### *Mr. Lewis filed a second habeas petition.*

Mr. Lewis returned here again petitioning for habeas relief on October 4, 2023, between the time of Judge DiClaudio's notice of intent to dismiss his second Post Conviction Relief Act petition and Judge DiClaudio's dismissal of the second Post Conviction Relief Act petition as untimely. Mr. Lewis raised one ground for habeas relief: the trial court lacked subject matter jurisdiction "fraud/usurpation" [sic].[24]

We ordered the Commonwealth to file a status of Mr. Lewis's second Post Conviction Relief Act petition in state court.[25] We also ordered the Commonwealth to answer Mr. Lewis's

4

habeas petition, specifically addressing whether the petition is time-barred or can proceed under equitable tolling doctrines.[26] We allowed Mr. Lewis to file a reply to the Commonwealth's answer by January 5, 2024.[27] Mr. Lewis did not do so.

He instead moved to dismiss his own habeas petition challenging our jurisdiction over his habeas petition.[28] We denied Mr. Lewis's Motion to dismiss his own habeas petition after invoking our jurisdiction by filing it here and reminded Mr. Lewis we raised concerns regarding exhaustion requiring the Commonwealth's response.[29] We denied Mr. Lewis's Motion to dismiss without prejudice to promptly file a Notice of Voluntary Dismissal if he no longer wished to pursue his habeas petition.[30] Mr. Lewis did not do so.

The Commonwealth timely described the status of Mr. Lewis's second Post Conviction Relief Act petition dismissed by Judge DiClaudio on October 17, 2023 and answered Mr. Lewis's habeas petition.[31] The Commonwealth now asks we dismiss with prejudice Mr. Lewis's habeas petition as untimely and without a hearing.[32]

## II.  Analysis

The Commonwealth asks us to dismiss Mr. Lewis's second habeas petition because (1) it is untimely; and (2) equitable tolling does not apply. Mr. Lewis did not reply to the Commonwealth nor did he offer grounds for equitable tolling of his untimely habeas petition. We first determine whether Mr. Lewis's October 4, 2023 habeas petition is timely. We conclude it is not timely. We next consider whether equitable tolling applies to excuse his untimely habeas petition. We conclude equitable tolling does not apply and dismiss Mr. Lewis's habeas petition.

### A.  Mr. Lewis's habeas petition is untimely.

Congress, through the Antiterrorism and Effective Death Penalty Act, provides a one-year statute of limitations to a writ of habeas corpus by a person in custody under a state court

judgment.[33] Congress provides the limitation period generally begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[34]

Mr. Lewis's conviction became final on September 3, 2018: ninety-days after the Pennsylvania Supreme Court's June 5, 2018 denial of Mr. Lewis's petition for allowance of appeal in his direct appeal.[35] Mr. Lewis's federal habeas clock began to run on September 3, 2018.

Congress tolls the one-year limitations period for the time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."[36] Mr. Lewis filed his first federal habeas petition on July 15, 2018.[37] But the filing of his first federal habeas petition did not stop the clock; there is no statutory tolling during the pendency of a *federal* habeas petition.[38] Congress provides for statutory tolling while a "properly filed application for *State* post-conviction or other collateral review" is pending.[39] Mr. Lewis's first habeas petition filed on July 15, 2018 with Judge Tucker does not provide a basis for statutory tolling.

*First interval: September 3, 2018 to March 13, 2019.*

Mr. Lewis's one-year habeas clock began to run on September 3, 2018, the date his conviction became final. The habeas clock continued to run for 191 consecutive days until Mr. Lewis filed his first Post Conviction Relief Act petition in the Philadelphia County Court of Common Pleas on March 13, 2019.[40]

*Federal habeas clock statutorily tolled: March 13, 2019 to March 6, 2022.*

Mr. Lewis's habeas clock statutorily tolled beginning March 13, 2019 and it remained tolled until March 6, 2022, the date by which Mr. Lewis could have filed (but did not) a petition for allowance of appeal to the Pennsylvania Supreme Court after the Pennsylvania Superior Court's

February 4, 2022 decision affirming the dismissal of his first Post Conviction Relief Act petition.[41] Mr. Lewis's federal habeas clock restarted on March 6, 2022.

Mr. Lewis filed a second Post Conviction Relief Act petition on December 28, 2021 during the time of his appeal from the denial of his first Post Conviction Relief Act petition.[42] Judge DiClaudio dismissed on October 17, 2023 the second Post Conviction Relief Act petition as untimely with no statutory tolling exception applicable.[43] Mr. Lewis did not appeal from Judge DiClaudio's October 17, 2023 Order.

Mr. Lewis's untimely second Post Conviction Relief Act petition did not stop the federal habeas clock. A state court post conviction petition rejected by a state court as untimely is not "properly filed" for purposes of statutory tolling within the meaning of section 2244(d)(2).[44] Mr. Lewis's second Post Conviction Relief Act petition did not stop the federal habeas clock.

### *Second interval: March 6, 2022 to August 29, 2022 and expiration of the one-year limitations period.*

Restarting the habeas clock on March 6, 2022 gave Mr. Lewis 174 days within which to file his federal habeas petition or by August 29, 2022.[45] Mr. Lewis did not do so.

### *Mr. Lewis filed his untimely federal habeas petition on October 4, 2023.*

Mr. Lewis filed his federal habeas petition on October 4, 2023, 401 days after the August 29, 2022 expiration of his one-year limitations period. His federal habeas petition is time-barred under section 2244(d). He is well beyond the limitations period within which to file his federal habeas petition.

Mr. Lewis's habeas petition is untimely. We must dismiss it unless Mr. Lewis meets his burden of showing equitable tolling applies to save it.

### B. We find no basis to equitably toll the limitations period.

The one-year limitations period for habeas petitions may be equitably tolled. Our Court of Appeals cautions we are to be "sparing" in our use of equitable tolling and "only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice."[46] We are instructed to assess equitable tolling on a "case-by-case basis" without application of "bright line" rules.[47]

We apply a two-prong test to determine whether Mr. Lewis is entitled to equitable tolling of the one-year limitations period. Mr. Lewis has the burden of establishing (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way and prevented timely filing.[48] Mr. Lewis must show both the diligence and extraordinary circumstances prongs before allowing equitable tolling.[49]

The diligence prong requires Mr. Lewis to show "reasonable diligence in the circumstances" in pursuing his rights, a fact–specific injury dependent on the circumstances he faced.[50] Mr. Lewis is not required to act with "maximum feasible diligence" but also may not "sleep on his rights."[51] The diligence prong extends to Mr. Lewis's efforts to exhaust his available state court remedies.[52]

The extraordinary circumstances prong is a "high standard."[53] And Mr. Lewis must show a causal connection between the extraordinary circumstances and his failure to file a timely federal habeas petition.[54]

The Commonwealth argues Mr. Lewis fails to meet both prongs of the test for equitable tolling. It contends the dismissal of Mr. Lewis's first federal habeas petition, without prejudice, did not impede his ability to raise his unexhausted claims in state court and he still had time remaining to seek federal habeas review. It argues once Mr. Lewis stopped appealing the denial of

his Post Conviction Relief Act petition, he failed to make any effort to pursue his federal habeas claims for over a year.

Mr. Lewis did not reply to the Commonwealth's answer to his habeas petition. Mr. Lewis asserts his October 4, 2023 petition is timely because "federal relief was tolled as pending post conviction petitions carried on and once final decisions were made, the federal habeas corpus was timely filed."[55] He also attached to his federal habeas petition a copy of the Philadelphia County Court of Common Pleas docket showing a state habeas corpus filed on March 17, 2022.[56] Mr. Lewis may have mistakenly believed his untimely second Post Conviction Relief Act and state habeas petition considered together by Judge DiClaudio stopped the federal habeas clock. But it did not as a matter of law.

We have no articulated basis for equitably tolling the limitations period on Mr. Lewis's federal habeas petition filed 401 days late and he cannot satisfy the diligence prong required for equitable tolling. Perhaps he mistakenly believed his untimely second Post Conviction Relief Act petition in state court tolled the federal habeas clock. But the lack of legal knowledge or legal training alone, ignorance of the law, or confusion or misunderstanding about the deadline for filing a federal habeas petition does not justify equitable tolling.[57]

There is nothing in the record to demonstrate Mr. Lewis's diligence or extraordinary circumstances required to exercise equitable tolling. We dismiss Mr. Lewis's habeas petition as untimely.

**C. We find no basis for an evidentiary hearing.**

The Commonwealth asks us to dismiss Mr. Lewis's habeas petition as untimely without a hearing. Under section 2254(e)(2), we "shall not hold an evidentiary hearing unless [Mr. Lewis] shows that—(A) the claim relies on—(i) a new rule of constitutional law, made retroactive to cases

9

on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence" and "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."[58]

We have no basis to meet the stringent standards of section 2254(e)(2). The record shows Mr. Lewis's habeas petition is untimely and we need not hold a hearing.

**D. There is no basis for a certificate of appealability.**

We find no basis for a certificate of appealability. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from ... the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court."[59] We may issue a certificate of appealability only if "the applicant has made a substantial showing of the denial of a constitutional right."[60] Mr. Lewis "satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his case or that the issues presented were adequate to deserve encouragement to proceed further."[61] He must demonstrate "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[62]

We decline to issue a certificate of appealability. Reasonable jurists could not disagree with our resolution of Mr. Lewis's claims.

**III. Conclusion**

We deny with prejudice Mr. Lewis's habeas petition as untimely, deny a hearing, and deny a certificate of appealability.

---

[1] ECF No. 1. Mr. Lewis spelled his first name "Jibreel." The Pennsylvania state court criminal proceedings spell his first name "Jibrell." *See Commonwealth v. Lewis*, No. 3575 EDA 2015, 2017 WL 6168947 (Pa. Super. Ct. Dec. 8, 2017).

[2] *Commonwealth v. Lewis*, No. 3575 EDA 2015.

[3] *Lewis*, 2017 WL 6168947, at *2.

[4] *Commonwealth v. Lewis*, 187 A.3d 209 (Pa. 2018) (table).

[5] 42 Pa. Cons. Stat. § 9541, *et seq.*

[6] *Lewis v. Overmyer*, No. 18–3098, ECF No. 1 (E.D. Pa.). The Clerk's Office assigned Mr. Lewis's habeas petition to Judge Tucker. Mr. Lewis amended his habeas petition on September 13, 2018. ECF No. 4.

[7] *Id.*, 2019 WL 1061768, at *1 (E.D. Pa. Jan. 29, 2019).

[8] *Id.* at *2.

[9] *Id.*

[10] *Id.*, 2019 WL 1058024 (E.D. Pa. Mar. 5, 2019).

[11] *Commonwealth v. Lewis*, No. CP-51-CR-0005100-2013 (Phila. Ct. C.P.); ECF No. 8-7 at 16.

[12] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (en banc).

[13] *Commonwealth v. Lewis*, 273 A.3d 1020, at *2–*3 (Pa. Super. Ct. 2022) (table).

[14] *Id.* at *1.

[15] *Id.*

[16] *Id.*

[17] *Id.* at *3–*4.

[18] *Commonwealth v. Lewis*, No. 2349 EDA 2020; ECF No. 8–6.

[19] ECF No. 8–6.

[20] ECF No. 8–2.

---

[21] ECF Nos. 8–3, 8–4.

[22] ECF No. 8–5, 8–6.

[23] ECF No. 8–6.

[24] ECF No. 1.

[25] ECF No. 4. We amended the deadlines for the Commonwealth's obligations. ECF No. 5.

[26] ECF No. 5.

[27] ECF No. 4.

[28] ECF No. 6.

[29] ECF No. 7.

[30] *Id.*

[31] ECF Nos. 8, 9.

[32] ECF No. 9.

[33] 28 U.S.C. § 2244(d)(1).

[34] *Id.*

[35] *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013) (citing Sup. Ct. Rule 13.1).

[36] 28 U.S.C. § 2244(d)(2).

[37] *Lewis v. Overmyer*, No. 18–3098, ECF No. 1.

[38] *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001). The Supreme Court in *Duncan* explained: "By tolling the limitation period for the pursuit of state remedies and ***not*** during the pendency of applications for federal review, § 2244(d)(2) provides a powerful incentive for litigants to exhaust all available state remedies before proceeding in the lower federal courts. But if the statute were construed so as to give applications for federal review the same tolling effect as applications for state collateral review, then § 2244(d)(2) would furnish little incentive for individuals to seek relief from the state courts before filing federal habeas petitions. The tolling provision instead would be indifferent between state and federal filings. While other statutory provisions, such as § 2254(b) itself, of course, would still provide individuals with good reason to exhaust, § 2244(d)(2) would be out of step with this design. At the same time, respondent's interpretation would further

undermine the interest in finality by creating more potential for delay in the adjudication of federal law claims." *Id.* at 180 (emphasis added).

[39] 28 U.S.C. § 2244(d)(2) (emphasis added).

[40] *Commonwealth v. Lewis*, No. CP-51-CR-0005100-2013 (Phila. Ct. C.P.); ECF No. 8-7 at 16.

[41] Pa. R. App. P. 903(a).

[42] ECF No. 8-6. Judge DiClaudio considered Mr. Lewis's March 17, 2022 petition as "supplemental" and considered both the December 28, 2021 and March 17, 2022 petitions together as a second Post Conviction Relief Act petition. Under Pennsylvania law, the Post Conviction Relief Act "subsumes the writ of habeas corpus with respect to remedies offered under the PCRA. However, a writ of habeas corpus continues to exist as a separate remedy. Even so, *the writ continues to exist as an independent basis for relief only in cases in which there is no remedy under the PCRA*." *Commonwealth v. Taylor*, 283 A.3d 178, 188–89 (Pa. 2022) (quoting *Commonwealth v. Abu-Jamal*, 833 A.2d 719, 738 (Pa. 2003) (emphasis in original)). Judge DiClaudio's opinion denying Mr. Lewis's second Post Conviction Relief Act petition as untimely noted Mr. Lewis's state habeas petition raised issues remediable under the Act and reviewed it under the Act's standards. ECF No. 8–6.

[43] ECF No. 8–6.

[44] *Allen v. Siebert*, 552 U.S. 3, 5–6 (2007) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 414, 417 (2005)).

[45] Mr. Lewis's habeas clock ran for 191 consecutive days from September 3, 2018 to March 13, 2019, when the period statutorily tolled during his first Post Conviction Relief Act petition. The habeas clock restarted on March 6, 2022. Adding 174 days from March 6, 2022 brings us to Saturday, August 27, 2022. Because the date is a Saturday, we move to the next day "that is not a Saturday, Sunday, or legal holiday," in this case, Monday, August 29, 2022. Fed. R. Civ. P. 6(a)(1)(C). The Commonwealth contends adding 174 days from March 6, 2022 results in an expiration date of August 24, 2022. *See* ECF No. 9 at 5. By our calculation, the expiration date is August 27, 2022 adjusted to August 29, 2022. We need not concern ourselves with the difference in date calculation because Mr. Lewis did not file his federal habeas petition for well over one year later.

[46] *Martin v. Adm'r New Jersey State Prison*, 23 F.4th 261, 272 (3d Cir. 2022) (quoting *LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005)).

[47] *Id.* (quoting *Munchinski v. Wilson*, 694 F.3d 308, 329 (3d Cir. 2012)).

[48] *Id.* at 273 (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

[49] *Sistrunk v. Rozum*, 674 F.3d 181, 190 (3d Cir. 2012).

13

[50] *Martin*, 23 F. 4th at 273.

[51] *Id.*

[52] *Id.*

[53] *Sistrunk*, 674 F.3d at 190.

[54] *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013).

[55] ECF No. 1 at 14, ¶ 17.

[56] ECF No. 1–1 at 12.

[57] *Martin*, 23 F. 4th at 273; *Graham v. Superintendent Somerset SCI*, No. 17–3660, 2018 WL 2735398, at *1 (3d Cir. Apr. 17, 2018) (citing *Merritt v. Blaine*, 326 F.3d 157, 170 (3d Cir. 2003)).

[58] 28 U.S.C. § 2254(e)(2); *Shinn v. Ramirez*, 596 U.S. 366, 388 (2022).

[59] 28 U.S.C. § 2253(c)(1)(A).

[60] *Id.* § 2253(c)(2).

[61] *Miller-El v. Cockrell*, 537 U.S. 322, 323 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

[62] *Id.*